IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF UTAH

| | |
|---|---|
| In re:<br><br>COMMUNITY TRANSLATOR NETWORK LLC,<br><br>    Debtor. | |
| COMMUNITY TRANSLATOR NETWORK LLC,<br><br>    Appellant,<br><br>v.<br><br>UNITED STATES TRUSTEE, POWELL MEREDITH COMMUNICATIONS COMPANY, and AMY MEREDITH,<br><br>    Appellees. | **MEMORANDUM DECISION AND ORDER GRANTING MOTION TO DISMISS**<br><br>**Case No. 2:17-cv-00736-JNP**<br><br>**District Judge Jill N. Parrish** |

Community Translator Network LLC purports to appeal from a bankruptcy court order that converted its bankruptcy case from Chapter 11 to Chapter 7. Appellees Powell Meredith Communications Company and Amy Meredith move to dismiss the appeal. [Docket 24]. The court GRANTS the motion and dismisses the appeal.

## BACKGROUND

Community Translator Network filed a voluntary bankruptcy petition under Chapter 11 of the Bankruptcy Code. The bankruptcy court authorized the retention of attorney Knute Rife to represent Community Translator Network. Powell Meredith Communications Company and

Amy Meredith (collectively, Powell Meredith) appeared as creditors in the bankruptcy proceedings.

The United States Trustee moved to convert the case to a Chapter 7 liquidation proceeding or, alternatively, to dismiss the case. Rife opposed the portion of the motion requesting conversion to Chapter 7 liquidation on behalf of Community Translator Network. On June 19, 2017, the bankruptcy court ordered that the case be converted to a Chapter 7 proceeding. On June 20, 2017, the court appointed a trustee to take possession of Community Translator Network.

Before the trustee took possession of Community Translator Network, attorney John Barlow was its managing member. On July 1, 2017, Barlow purported to represent Community Translator Network when it filed a notice of appeal from the June 19, 2017 bankruptcy court order on behalf of the company.

Powell Meredith filed a motion to dismiss the appeal in this court. It argued that the bankruptcy court ousted Barlow from his management position and that he had no authority to appeal on behalf of Community Translator Network. The court held oral argument on the motion. At the hearing, the trustee for Community Translator Network indicated that he took no position on the motion to dismiss.

**ANALYSIS**

The Tenth Circuit's opinion in *C.W. Mining Co. v. Aquila, Inc.* (*In re C.W. Mining Co.*), 636 F.3d 1257 (10th Cir. 2011) is dispositive of Powell Meredith's motion to dismiss. In that case, the bankruptcy court granted a creditor's motion to convert an involuntary Chapter 11 bankruptcy case to Chapter 7. *Id.* at 1259. Six days later, the court appointed a trustee to take possession of the debtor, C.W. Mining Company. Former counsel for C.W. Mining subsequently appealed from the bankruptcy court's ruling that the entities that initiated the involuntary Chapter

11 proceedings were bona fide creditors with standing to file the involuntary petition. *Id.* The trustee appointed by the bankruptcy court moved to dismiss the appeal, arguing that the ousted managers of C.W. Mining had no authority to file the notice of appeal. *Id.* The Bankruptcy Appellate Panel (BAP) denied the motion to dismiss.

The Tenth Circuit reversed the BAP. It reasoned that, as a corporation, C.W. Mining could "act only through its authorized agents." *Id.* at 1261. It further held that once the bankruptcy court ousts a corporation's management by appointing a trustee, "[*t*]he *only person with standing or legal capacity to represent [the Debtor] in any litigation, including these appeals, is its Trustee.*" *Id.* at 1263 (second alteration in original) (citation omitted). Thus, former management "may not usurp the *corporation's* right to appeal, which may be exercised by the trustee alone." *Id.* Accordingly, the Tenth Circuit held that

> following the appointment of a trustee in a corporate Chapter 7 bankruptcy, the corporation's former managers are not authorized to bring the corporation's appeal—even if that appeal contests the very initiation of the bankruptcy itself. There is no equitable exception to this rule, nor is there a distinction between voluntary and involuntary debtors.

*Id.* at 1265.

The holding of *C.W. Mining* requires this court to dismiss the appeal filed by Barlow. As was the case in *C.W. Mining*, the bankruptcy court converted the bankruptcy proceeding in this case to a Chapter 7 bankruptcy and appointed a trustee to take control of the debtor, Community Translator Network. Later, Community Translator Network's former manager, Barlow, filed a notice of appeal, purporting to act on behalf of the company. But former managers have no authority to take official actions on behalf of the corporation or limited liability company they formerly controlled. Because artificial business entities may only act through their proper legal representatives, and because "there is no 'separate interest' for the [former managers] to

3

represent," *id.* at 1264, a bankruptcy appeal filed by former managers on behalf of a business entity must be dismissed.

Barlow attempts to distinguish *C.W. Mining*. First he argues that the debtor in that case did not oppose the motion to convert Chapter 11 proceedings to Chapter 7. But the Tenth Circuit did not reference this fact in its analysis of whether the former managers of C.W. Mining had the authority to appeal. The Tenth Circuit's analysis was based solely upon the fact that the former managers had no authority to act on behalf of the debtor at the point in time when they filed the notice of appeal. Whether the Chapter 7 trustee was voluntarily or involuntarily appointed does not affect the reasoning of *C.W. Mining*. *Cf. id.* at 1265 ("There is no . . . distinction between voluntary and involuntary debtors.").

Barlow also argues that while the debtor in *C.W. Mining* was insolvent, Community Translator Network allegedly is not. The *C.W. Mining* court, however, specifically held that its opinion was not based upon a finding that the debtor was insolvent. That court noted the trustee's argument that the debtor was hopelessly insolvent and thus was not a "person aggrieved" with standing to appeal. *Id.* at 1260–61. But the court rejected this argument. *Id.* at 1261. It therefore held that "the determinative question in this case is not whether C.W. has standing as a 'person aggrieved' to appeal, but whether the [former] Managers have authority to appeal on C.W.'s behalf." *Id.*

Barlow further argues that he should be able to appeal on behalf of Community Translator Network because he did not have a chance to file a notice of appeal from the bankruptcy court's order converting the case to Chapter 7 because it ordered the conversion and appointment of a trustee at the same time. But it is not the decision to appoint a trustee that prevents the management of a limited liability company from acting on behalf of the company; it

4

is the actual appointment of the trustee. *Id.* at 1265. ("[W]e do not hold that a bankrupt corporation's managers never have the authority to bring the corporation's appeal. Before a trustee is appointed, control of the corporation remains vested in its managers."). In this case, the bankruptcy court ordered that the case be converted to Chapter 7 on June 19, 2017 and then appointed a trustee the next day. Thus there was an admittedly small window of time in which Barlow could have appealed on behalf of Community Translator Network.

Moreover, even if the bankruptcy court had ordered the conversion to Chapter 7 and appointed a trustee at the same time, nothing in *C.W. Mining* indicates that the managers of a business entity must be afforded a minimum period of time to appeal from a Chapter 7 conversion order. That case holds that the managers of a business entity have the ability to appeal a bankruptcy court order up until the point when they are ousted by the appointment of a trustee. *Id.* Thus, *C.W. Mining* merely clarifies that the right to appeal belongs to the corporation or limited liability company, not the managers thereof, and that the order appointing a trustee changes the identity of the person or persons that may make the decision to appeal on behalf of the company.

Finally, Barlow argues that Ms. Meredith and Powell Meredith have no standing to bring a motion to dismiss because they have not proffered evidence of the amount of their claim against Community Translator Network. The court need not decide whether Ms. Meredith and Powell Meredith may bring a motion to dismiss because the filing of a proper notice of appeal is a jurisdictional requirement. *See Emann v. Latture* (*In re Latture*), 605 F.3d 830, 836–37 (10th Cir. 2010). Because this court "must, sua sponte, satisfy itself of its power to adjudicate in every case and at every stage of the proceedings." *State Farm Mut. Auto. Ins. Co. v. Narvaez*, 149 F.3d 1269, 1270–71 (10th Cir. 1998), it is irrelevant whether Ms. Meredith or Powell Meredith have

5

standing to move to dismiss this case. Once the court becomes aware of a potential jurisdictional defect, it has an independent duty to address the issue.

The court is not without sympathy toward Barlow's broader argument that the holding of *C.W. Mining* effectively insulates the bankruptcy court's ruling from appellate review. Powell Meredith argues that Community Translator Network could have challenged the bankruptcy court's decision to convert the proceedings to Chapter 7 if Barlow had filed a notice of appeal in the one-day window before the trustee was appointed. But this solution is illusory because once a trustee is appointed, the trustee would control the appeal filed on behalf of the limited liability company. The trustee would be free to dismiss the appeal or neglect to prosecute it.

The *C.W. Mining* court, however, stated that the solution to this quandary is that the individuals who may be financially harmed by a bankruptcy court's decision to convert to Chapter 7—presumably the shareholders or members of the business entity in bankruptcy proceedings—can file a notice of appeal in their own names: "[W]e do not hold that former managers cannot appeal a bankruptcy court order in their own right. If C.W.'s managers themselves have been injured pecuniarily, they can appeal as 'persons aggrieved.' Such an appeal must be brought on their own behalf, not on behalf of C.W." *C.W. Mining* 636 F.3d at 1266 (citation omitted).[1]

---

[1] Although the Tenth Circuit has clearly stated that aggrieved former managers of a business entity may appeal from an order to convert a case to Chapter 7, that court has not indicated the precise procedural mechanism for obtaining review. *C.W. Mining* did not indicate whether a former manager may simply file a notice of appeal from the order despite the fact that he or she was not a party to the bankruptcy proceedings, or whether former management must petition for an extraordinary writ pursuant to 28 U.S.C. § 1651.

## CONCLUSION

The court dismisses the appeal filed by John Barlow on behalf of Community Translator Network. Because the notice of appeal was invalid, this court lacks jurisdiction and dismissal is without prejudice.

Signed February 6, 2018.

BY THE COURT

_____
Jill N. Parrish
United States District Court Judge